UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,              :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :    Civil Action No. 04-1180 (CKK)
                                   :
Bureau of Alcohol, Tobacco,        :
Firearms & Explosives, *et al.*,   :
                                   :
        Defendants.                :

MEMORANDUM OPINION

This action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendants' partial motion to dismiss the complaint or for summary judgment. The motion is brought on behalf of the United States Secret Service ("Secret Service"), Selective Service System ("SSS"), Social Security Administration ("SSA"), and the Department of Health and Human Services ("HHS"). Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant in part and deny in part defendants' summary judgment motion with respect to these agencies or components.[1]

I.  BACKGROUND

The following facts are taken from defendants' Statement of Material Facts Not in Genuine Dispute. On February 18, 2004, plaintiff requested records from the Secret Service pertaining to Nicholas Michael Cronin. The Secret Service conducted a search but located no responsive records. Plaintiff requested records from the SSS pertaining to himself. After two searches, the SSS had released to plaintiff copies of his SSS registration card and classification record. On March 13, 1995, and November 12, 2001, plaintiff requested SSA records pertaining

---

[1] The complaint names as defendants 16 federal agencies or agency components.

to himself.  In response to each, the SSA advised plaintiff that he needed to provide additional information in order for it to process his request.  In response to plaintiff's initiation of this action naming HHS as a defendant, a search was conducted to determine whether HHS had received a FOIA request from plaintiff.  The search yielded no such request.

## II.  STANDARD OF REVIEW

The Court is relying on matters outside the pleadings and therefore will review the motion under the standards for summary judgment.  Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The FOIA requires a federal agency to release all records responsive to a request except those protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C. § 552(b).  This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 139 (1980).  The Court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When, as here, an agency's search for documents is challenged, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. United States Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The agency prevails on a motion for summary judgment only where it shows "beyond material doubt [ ] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . . submitted in good faith." *Id*. (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. United States Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

### III.  DISCUSSION

1. <u>Secret Service Records</u>

Except for the exhaustion of administrative remedies, plaintiff asserts that "there is [no] genuine issue of material fact yet in dispute."  Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("Pltf.'s Opp.") at 1.  Plaintiff cannot reserve his challenges for a later day.  By Order of November 29, 2004, the Court advised plaintiff about his obligation to respond to defendants' summary judgment motion by January 5, 2005, or risk the Court treating the motion as conceded.  The Court finds that plaintiff has conceded defendants'

position with respect to the merits of the Secret Service's treatment of his request for records.[2] Specifically, this defendant avers that it conducted an adequate search for records pertaining to Mr. Cronin but located no responsive records. *See* Declaration of Kathy J. Lyerly ¶¶ 8-12.[3] The Court is satisfied from Ms. Lyerly's description that the search was adequate and therefore will grant defendants' motion for summary judgment with respect to the Secret Service records.

    2. <u>Selective Service System Records</u>

Defendants move to dismiss the claim arising from plaintiff's request for SSS records on the ground of mootness. They assert that following two searches for responsive records, they located and produced to plaintiff his registration card and classification record or history. *See generally* Declaration of Paula D. Sweeney ("Sweeney Decl."). Plaintiff contends that a genuine issue of material fact exists as to the adequacy of the SSS' search for records.[4] Pltf.'s Opp. at 2. The Court is convinced, however, from Ms. Sweeney's declaration and the records produced that this defendant conducted a search reasonably likely to locate all responsive records in its possession at the time of the request. *See* Sweeney Decl. ¶¶ 5-9, 12-13. Ms. Sweeney reasonably infers that any records not produced would have been destroyed as a routine matter or pursuant to the federal records retention policy. *See* Sweeney Decl. ¶ 6. In his administrative appeal, plaintiff states that he received more records from a request made in 1997, Pltf.'s Ex. 2, but he has not credibly refuted Ms. Sweeney's inference that the records were since destroyed. Finding

---

    [2] This disposition on the merits effectively moots any issues surrounding plaintiff's exhaustion of administrative remedies about which genuine issues of material fact exist. *See* Reply in Support of Defendants' Partial Motion to Dismiss or, in the Alternative, for Summary Judgment at 7-8.

    [3] Unless otherwise specified, defendants' declarations are attached as exhibits to their motion to dismiss or for summary judgment.

    [4] Plaintiff asserts that "there are a host of genuine issues of material fact yet to be resolved," Pltf.'s Opp. at 2, but he has not identified any issues going to the merits beyond the adequacy of the search.

no evidence of agency bad faith, the Court will grant defendants' motion with respect to the SSS records.

      3.  Social Security Administration Records

On May 1, 2002, plaintiff alleges that he "requested a copy of all records pertaining to his claim for SSI Disability to the Chicago Office of the Social Security Administration." Complaint at 38 (Count 68). At the time he initiated this action, plaintiff had not received a response from the agency. Defendants move for summary judgment on this claim on the basis that it has no record of plaintiff's request prior to this litigation.[5] Declaration of Ethel Burrows ¶ 3 (referencing plaintiff's Exhibit 5). Plaintiff has provided what he avers to be "true and correct copies of the actual letters [] mailed to the Social Security Administration and the Department of Health and Human Services which I believe the Social Secu[r]ity Administration is a tenacle [sic] of." Pltf.'s Opp. at 4, Exhibits 5-6. Exhibit 5 is plaintiff's FOIA request of May 1, 2002 addressed to the "District Director SSI-Disability Benefit Section, Social Security Administration, 77 W Jackson Blvd, Chicago, Illinois." Exhibit 6 is plaintiff's appeal of November 18, 2004, addressed to "Director Department of Health & Human Services, 200 Independence Avenue, SW, Washington, D.C. 20201." Defendants "note[] that plaintiff mistakenly believes that SSA is a 'tentacle' of [HHS]" but they do not argue that plaintiff addressed his request to the wrong office. Plaintiff has presented a genuine issue of material fact as to whether his request was, or should have been, received by the department. Accordingly, the Court will deny defendants' motion for summary judgment with respect to the SSA records.[6]

---

     [5]  Defendants refer to plaintiff's earlier FOIA requests that are not the subject of the complaint and therefore not before the Court.

     [6]  According to Ms. Burrows, SSA opened a file for plaintiff's FOIA request on January 10, 2005 and "will process [the request] in due course under our normal procedures and release all records in accordance with all applicable laws and regulations." Burrows Decl. ¶ 6. In light of this ruling, SSA will be directed to process the request presently.

    4.  Health and Human Services Records

HHS received a letter from plaintiff in November 2001 "requesting 'a copy of any and all records, documents and information that any part of your agency has or had in its possession that is in any way connected to, related to or even remotely in reference to my name.'" Supplemental Declaration of Rosario Cirrincione ("Cirrincione Supp. Decl.") ¶ 4.[7]  Because plaintiff sought records about himself, HHS processed the request as a Privacy Act request "[a]s required by our agency's FOIA regulations found at 45 C.F.R. § 5.4(b)." *Id*. ¶ 5.  The regulation states:

> to the extent you are requesting your own records in a system of records, we will handle your request under the Privacy Act and part 5b.  If there is any record that we need not release to you under those provisions, we will also consider your request under the FOIA and this rule, and we will release the record to you if the FOIA requires it.

45 C.F.R. § 5.4(b).  Pursuant to Part 5(b), HHS provided plaintiff with a list of Privacy Act systems of records so that "he could identify the system that he believed included records about him."[8]  Cirrincione Supp. Decl ¶ 7.  In response, plaintiff filed an "appeal under the Freedom of Information Act," to which defendants "inform[ed] him that an appeal under the FOIA was not proper, as he had not been denied any documents." *Id*. ¶¶ 8-9.  Defendants also informed plaintiff that if he did not identify any file systems to search, they would need to search all HHS systems.  Because the search could involve costs exceeding $250.00 in processing fees, defendants, pursuant to 45 C.F.R. § 5.44(b), sought plaintiff's "confirmation that he would be willing to pay the cost associated with such a search." *Id*. ¶ 10.  An advance payment or a deposit was required before the start of the search. *Id*.  Defendants told plaintiff that if he did not

---

[7]  Attached as Exhibit 1 to Reply in Support of Defendants' Partial Motion to Dismiss or, in the Alternative, for Summary Judgment.

[8]  Part 5B requires an individual at the time of the request to "specify which systems of records he wishes to have searched and the records to which he wishes to have access." 45 C.F.R. § 5b.5(a)(2).

6

respond within 30 days, his request was "consider[ed] . . . withdrawn." *Id*. ¶ 11.  Ms. Cirrincione avers that HHS received no response from plaintiff; thus, his "request was never logged in to [sic] our system or given a FOIA or Privacy Act case number." *Id*. ¶ 12.  Plaintiff does not refute that he did not respond in the manner suggested.

Defendants assert that the claim for HHS records should be dismissed for failure to exhaust administrative remedies.  They argue that plaintiff did not comply with HHS' published procedures and thus did not submit a proper FOIA request.  The FOIA obligates an agency to "make [requested] records promptly available" upon a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules stating . . . procedures to be followed." 5 U.S.C. § 552(a)(3)(A).  A requester's noncompliance with subsection (ii) is a ground for dismissal based on the failure to exhaust administrative remedies.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1257 (D.C. Cir. 2003).  Moreover, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65 (D.C. Cir. 1990).  Plaintiff failed to respond to HHS' specific request for additional information and confirmation that he would pay for the search.  The agency therefore had no obligation to process plaintiff's FOIA request.  Absent any evidence of an improper withholding of HHS records, the Court will grant summary judgment to defendants on this count for failure to state a claim upon which relief may be granted.

For the preceding reasons, defendants' motion for partial summary judgment is granted in part and denied in part.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: July 25, 2005