UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,                    :
                                         :
                    Plaintiff,           :
            v.                           :          Civil Action No. 04-1180 (CKK)
                                         :
Bureau of Alcohol, Tobacco,              :
Firearms & Explosives, *et al.*,         :
                                         :
                    Defendants.          :

MEMORANDUM OPINION

This action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is

before the Court on defendants' fourth motion for partial summary brought on behalf of the

Department of Transportation ("DOT") and the United States Marshals Service ("USMS or

Marshals Service").  Plaintiff cross moves for summary judgment as to the DOT.  Upon

consideration of the parties' submissions and the relevant portions of the record, the Court will

grant in part and deny in part defendants' motion and will deny plaintiff's cross motion for

summary judgment.[1]

I.  BACKGROUND

The following facts are taken from defendants' Statement of Material Facts Not in

Genuine Dispute ("Facts), their Supplement to Fourth Statement of Material Facts Not in

Genuine Dispute ("Supp. Facts"),[2] and the supporting declarations and exhibits.

---

[1]  The 68-Count complaint names as defendants 16 federal agencies or agency components.  Ten defendants will remain after the resolution of this motion.

[2]  The Court granted defendants' motion to supplement the pending motion by minute order of November 17, 2005.  The supplement appears on the record as Document No. 117.

DOT Records

By letter dated November 12, 2001, plaintiff requested DOT records pertaining to him. By letter dated February 28, 2002, DOT directed plaintiff to a listing of its systems of records set forth in the Federal Register at 65 FR 19476-19570. It advised plaintiff to review the listing and identify specific systems of records to be searched. Facts ¶ 3. Plaintiff appealed by letter dated July 1, 2002, stating that "the biographical information provided was adequate." *Id*. ¶ 6. The agency's response to plaintiff's appeal, sent to plaintiff at the Metropolitan Correction Center in Chicago, Illinois, was forwarded to the Beaumont, Texas, Correctional Center. It was "returned to sender" as undelivered. *Id*. ¶ 7.

USMS Records

By letter dated November 5, 2001, plaintiff requested from USMS Headquarters records pertaining to him. A second request dated November 12, 2002, added to the request "all records compiled from January, 1978 to date, Northern District of Illinois. . . ." *Id*. ¶ 9. The USMS conducted a search of its offices located in the Northern, Central and Southern Districts of Illinois, the Western District of Missouri, the Southern and Northern Districts of Indiana, the Eastern and Western Districts of Wisconsin, the Eastern and Western Districts of Michigan, and the Western District of Oklahoma. Responsive records were located in the Northern and Central Districts of Illinois. *Id*. ¶¶ 11-12.

By letter dated March 14, 2003, the USMS notified plaintiff that it had thus far located 522 pages of material and estimated a processing fee of $42.20. It released 100 pages of material without charge pursuant to regulation. The USMS advised plaintiff that it would continue processing only upon plaintiff's agreement to pay the estimated fee, and that it would notify plaintiff of the exact fees upon completion of the processing. *Id*. ¶ 13. By letter dated March 19,

2003, plaintiff agreed to pay the estimated fee.  *Id* ¶ 14.  By letter dated May 20, 2003, the USMS

informed plaintiff that it had completed its processing and that 620 pages of material were

located (inclusive of the 100 previously released pages).  It informed plaintiff that 99 pages

originating with other agencies  were being referred to those agencies and that it would release

421 pages of material upon receipt of the copying charge of $42.10.  Eventually, the USMS

closed plaintiff's file for his failure to pay the assessed fee.  *Id*. ¶ 15.

On May 20, 2002, the USMS received seven pages of records referred from the United

States Parole Commission.  *Id*. ¶ 17.  By letter dated June 19, 2002, the USMS released the seven

pages, four with redactions.  *Id*. ¶ 18.

By letter dated April 15, 2003, plaintiff requested USMS records pertaining to Edward

Omar Spearman maintained in the Michigan office.  *Id* ¶ 21.  Plaintiff provided a waiver from

Spearman.  Thus, the USMS searched for records in the Eastern and Western Districts of

Michigan.  *Id*. ¶ 23.  By letter dated June 12, 2003, the USMS released three pages with

redactions.  *Id*. ¶ 24.  During the briefing period of the pending motion, the USMS located 17

additional pages of Spearman records.  Supp. Facts ¶ 6.  It made a supplemental disclosure of 12

pages consisting of four pages in their entirety and eight pages with redactions.  *Id*. The USMS

withheld five pages in their entirety.  *Id*.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact

and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

FOIA requires a federal agency to release all records responsive to a request except those

protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C. §

552(b).  This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from

withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 139 (1980). The Court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen,* 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 977 (1974).

Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies with respect to certain claims and, with respect to the exhausted claims, that they released all reasonably segregable documents.

## III.  DISCUSSION

### 1. DOT Records

The FOIA obligates an agency to "make [requested] records promptly available" upon a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules stating . . . procedures to be followed." 5 U.S.C. § 552(a)(3)(A).  DOT seeks dismissal because plaintiff refused to identify from a list of more than 100 systems of records the specific systems likely to contain responsive documents to his "exceeding[ly] broad" request.  Def't's Mem. of Points and Authorities at 13.  It therefore argues that the request inadequately described the records sought.  DOT's FOIA regulations provide in relevant part that:

> Each request should describe the particular record to the fullest extent possible.
> The request should describe the subject matter of the record, and, if known,
> indicate the date when it was made, the place where it was made, and the person

> or office that made it. If the description does not enable the office handling the
> request to identify or locate the record sought, that office will notify the requestor
> and, to the extent possible, indicate the additional data required.
> .

49 C.F.R. § 7.14 (c)(1).  DOT avers to have "over 150 systems of records" covering

vastly "diverse subject matters."  Declaration of Kathleen Ray (Def't Ex. 1) ¶ 9.  DOT

reasonably determined that the request "did not permit a knowledgeable Departmental

employee familiar with the DOT's systems of records to apply their expertise and with a

reasonable amount of effort . . . initiate a search. . . ." *Id*. ¶ 13.  *See Dale v. I.R.S.*, 238

F.Supp.2d 99, 104 (D.D.C. 2002) ("Broad, sweeping requests lacking specificity are not

sufficient" to satisfy the "reasonably describes" requirement).  Accordingly, DOT's

motion for summary judgment will be granted on plaintiff's failure to exhaust his

administrative remedies on this claim.

    2.  <u>USMS Records</u>

_____A.  *Processing of Records*

    The Marshals Service seeks dismissal based on plaintiff's failure to exhaust his

administrative remedies by paying the assessed processing fee of $42.20 for records

exceeding the first 100 pages.  Defendant avers that '[t]he USMS has no record of

receiving any fees . . . Consequently, plaintiff's request was closed in its entirety . . . for

failure to pay the statutory fees charged for processing his request."  Declaration of

Shaaron L. Keys (Deft's Ex.8) at 4 ¶ 9.  Plaintiff "disagrees that USMS has no record of

his having paid the fees owed and demands strict proof thereof."  Response to Memo in

Support of Fourth Summary Judgment Motion, Declaration of Michael Antonelli at 2 ¶ 9.

As plaintiff was advised in the Order of March 10, 2005, "[w]hen a motion for summary

judgment is made and supported as provided in this rule, an adverse party may not rest

upon the mere allegations or denials in the adverse party's response, but [instead] . . .

must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

P. 56(e).  Plaintiff does not assert that he paid the fee.  Nor has he proffered any evidence

of his payment.  He therefore has failed to present a triable issue.

The payment or waiver of assessed fees or an administrative appeal from the

denial of a fee waiver request is a jurisdictional prerequisite to filing a lawsuit in the

district court.  *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65 (D.C. Cir. 1990);

*Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 69 (D.D.C. 1996) (citing

*Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032

(1995)); *see also accord Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp.2d 29, 33 (D.D.C.

2002).  Plaintiff has satisfied neither requirement.  Summary judgment therefore is

granted with respect to records withheld based on plaintiff's failure to exhaust

administrative remedies by paying the assessed fee.

Plaintiff was entitled to the release of the first 100 pages without charge.  The

Marshals Service initially released 81 pages in their entirety and 29 pages "with minimal

deletions."  Keys Decl. ¶ 27.  It redacted third-party identifying information under

exemption 7(C).

Exemption 7(C) protects from disclosure  records compiled for law enforcement

purposes to the extent that their disclosure "could reasonably be expected to constitute

an unwarranted invasion of personal privacy."  5 U.S.C.  § 552(b)(7)(C).  The Marshals

Service located records in its offices in the Northern and Central District of Illinois.

Keys Decl. ¶ 6.  The records were maintained in the Prisoner Processing and

Population Management/ Prisoner Tracking System and the Warrant Information

Network. *Id*. Such records "are compiled for law enforcement purposes in connection

with the USMS receip[t, processing, transportation and custody of prisoners, the

execution of Federal arrest warrants, and the investigation of fugitive matters." *Id*.

They therefore satisfy exemption 7(C)'s threshold requirement of law enforcement

records.

Defendant redacted third-party information pertaining to government and law

enforcement personnel and other third parties, including prisoners. Keys Decl. ¶¶ 21-

24. Ms. Keys avers that the release of information about personnel "could subject [the

individuals] to harassment and unwanted scrutiny . . . and could possibly pose a danger

to life or physical safety." *Id*. ¶ 21. Moreover, information about other third-party

individuals "could expose [them] to unwarranted public attention, embarrassment,

harassment or annoyance for being associated with an official criminal law enforcement

matter." *Id*. ¶ 22. The redaction of such information for the reasons stated has been

routinely upheld. *See Lesar v. U.S. Department of Justice*, 636 F.2d 472, 487 (D.C.

Cir. 1980) ( (finding legitimate interest in preserving the identities of government

officials where disclosure could subject them to annoyance or harassment in either their

official or private lives); *Pray v. Department of Justice*, 902 F. Supp. 1, 3 (D.D.C.

1995), *aff'd in relevant part*, 1996 WL 734142 (D.C. Cir. 1996) (finding the

possibility of animosity toward FBI agents outweighed any possible benefit of

disclosure); *Perrone v. FBI*, 908 F. Supp. 24, 26 (D.D.C. 1995) (citing cases)

(protecting the names and identities of individuals of investigatory interest to law

enforcement agencies and those merely mentioned in law enforcement files).

The Marshals Service considered "whether or not there was a[n] [overriding] legitimate public interest in disclosure . . . ," but discerned no such interest.  Keys Decl. ¶ 22.  It therefore properly redacted the third-party information under exemption 7(C).  Plaintiff has not countered with any evidence of an overriding public interest. Summary judgment therefore is granted with respect to the Marshals Service's treatment of the 110 released records.

As for the supplemental release of 12 pages, some of the responsive records were located in the Office of General Counsel and the Judicial Security Division of USMS Headquarters.  Supplemental Declaration of William E. Bordley ¶ 11.  Mr. Bordley does not describe the filing systems housing those records; thus, the Court cannot determine whether exemption 7(C)'s threshold requirement has been satisfied.  *See Jefferson v. Dep't of Justice*, 284 F.3d 172, 179 (D.C. Cir. 2002) (government has the burden of producing "evidence whereby the district court would be in a position to make the required threshold evidentiary determination.") (citation omitted).  Summary judgment with respect to the supplemental release is denied without prejudice to reconsideration after record supplementation that identifies the filing system from which each document originated and explains its law enforcement purpose.

## B.  Adequacy of the Search for Records

Plaintiff challenges the Marshals Service's search for records "and demands strict proof thereof."  Pl's Opp. at 2 ¶ 17. When an agency's search for documents is challenged, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  *Weisberg v. United States Department of Justice*, 745 F.2d 1476, 1485 (D.C.

Cir. 1984).  The agency prevails on a motion for summary judgment only where it shows "beyond material doubt [ ] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Department of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . . submitted in good faith."  *Id.* (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. United States Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); accord *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

According to Ms. Keys, upon receiving plaintiff's November 5, 2001 request for his records, "[t]he USMS conducted a search for records on plaintiff, pursuant to his request letters in the USMS offices he identified."  Keys Decl. ¶ 5.  Contrary to the USMS' reading of the first-party request, plaintiff did not limit his search request to specific offices.  Rather, he requested from headquarters all records "connected to and even remotely in reference to my name" and added: "[t]his includes records generated in" the offices eventually searched.  The Marshals Service's narrow reading of the request is contrary to "the Government's obligation . . . 'to construe a FOIA request liberally,'" *Lacedra v. Executive Office for United States Attorneys*, 317 F.3d 345, 348 (D.C. Cir. 2003) (quoting *Nation Magazine v. United States Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995), and, in this case, is plainly wrong.  Moreover, the Marshals Service has not described the first-party search by identifying the search terms, explaining the type of search performed, and describing its record systems.  *See Oglesby*, 920 F.2d at 68. ("[a]t

the very least, [government] was required to explain in its affidavit that no other record system was likely to produce responsive documents.").  The Court therefore has no basis to determine whether the search "was reasonably calculated to uncover all relevant documents" about plaintiff.  *Id.*

Upon receiving plaintiff's April 15, 2003 request for records pertaining to Edward Omar Spearman, the Marshals Service conducted a search "in the USMS district offices [plaintiff] identified, *i.e.*, the Eastern and Western District of Michigan."  Keys Decl. ¶ 17.  Ms. Keys provides no details about the search.  In the supplemental declaration, which pertains only to  plaintiff's request for records about "inmate Edward Omar Spearman," Bordley Decl. ¶ 2, Mr. Bordley identifies two record systems that "are routinely searched in the applicable USMS offices in response to all requests for access to prisoner records. . . ."  *Id.* ¶ 3.  Mr. Bordley avers that in response to plaintiff's challenge to the search raised in his opposition, "a second search for records pertaining to Spearman was conducted by the USMS FOI/PA Liaisons in the Eastern and Western Districts of Michigan. . . ."  *Id.* ¶ 7.  Mr. Bordley explains that the Eastern District, which eventually located additional records, conducted manual and electronic searches.  *Id.* ¶¶ 8- 9.  He does not describe the Western District's search, which yielded no additional records.  According to Mr. Bordley, the Marshals Service "undertook the extra step of searching additional offices, not requested by plaintiff," and located additional records in the Service's Office of General Counsel and the Judicial Security Division of USMS Headquarters.  *Id.* ¶ 10.  Although Mr. Bordley's declaration provides additional details about the search for Spearman's records, it is deficient in identifying the search terms and, with respect to the Western District office, describing the type of search performed.

Summary judgment with respect to the Marshals Service's search for responsive records therefore is denied.

For the preceding reasons, defendants' motion for partial summary judgment on behalf of the Department of Transportation and the United States Marshals Service is granted in part and denied in part without prejudice.  A separate Order accompanies this Memorandum Opinion.

                        _____s/_____
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge

Date: January 18, 2006