UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael C. Antonelli, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1180 (CKK) |
| | : | |
| Bureau of Alcohol, Tobacco, | : | |
| Firearms & Explosives, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on the Bureau of Prisons' ("BOP") renewed motion for summary judgment filed in response to the Memorandum Opinion ("Mem. Op.") of August 16, 2005. *See* Order (Aug. 16, 2005) (denying motion on Counts 42, 44 and 46 of the complaint).[1] Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant defendant's motion in part and defer ruling in part pending supplementation of the record.

*A.  The Withheld Records*

Count 42

In response to Count 42 of the complaint, BOP had applied exemption 7(C) to a one-page document but had not sustained its burden on the threshold requirement by showing that the information was compiled for law enforcement purposes. *See* Mem. Op. at 15. Defendant has now confirmed that the one-page memorandum "was compiled as part of an investigation by the BOP into [plaintiff's] possible escape." Def.'s Mtn., Supplemental Declaration of Ruthlee

---

[1] The previous ruling also addressed claims against the Bureau of Alcohol, Tobacco, Firearms and Explosives. ATFE has not joined in the current motion but instead has filed a separate renewed motion for summary judgment.

Gowins ("Gowins Supp. Decl.") ¶ 5 and attached *Vaughn* Index. Because the document contains "the names of staff members, staff statements and witness statements," disclosure would create "a risk of retaliation" by plaintiff. *Id*. Third-party identifying information contained in law enforcement records is "categorically exempt" from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). Plaintiff has not established a public interest. Defendant therefore has properly applied exemption 7(C) to the redacted material.[2]

Typically, exemption 7(C) protects from disclosure identifying information "not the entire page or document in which the information appears[.]" *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Defendant has not averred that the page was reviewed for segregability and explained why any non-exempt information could not be redacted and released to plaintiff. *See* Mem. Op. at 21-22. The Court therefore will defer its ruling with respect to the memorandum and direct defendant to supplement the record.

Count 44

In response to the Court's concerns about BOP's response to Count 44 of the complaint, *see* Mem. Op. at 17-18, Gowins explains that of 56 responsive pages, BOP released 16 pages in their entirety and seven pages with redactions and withheld 33 pages in their entirety. It withheld information under exemptions 7(C), 7(E) and 7(F). From the seven redacted pages, BOP properly withheld third-party identifying information under exemption 7(C). *See* Gowins Supp. Decl. ¶ 9.

---

[2] Although the Court previously determined that exemption 6 was not at issue, *see* Mem. Op. at 14, defendant maintains that it is invoking this exemption in conjunction with exemption 7(C). Because defendant has properly justified withholding the information under exemption 7(C), the Court will not address the application of exemption 6 to the same information.

BOP also redacted information under exemption 7(E). This exemption protects from disclosure law enforcement records that "would disclose techniques and procedures for law enforcement investigation . . . or would disclose guidelines for law enforcement investigations . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The redacted information "would reveal investigative techniques used by the BOP [specifically] collection techniques used to conduct an investigation." Gowins Supp. Decl. ¶ 9. According to Gowins, if disclosed, the information "could reasonably be expected to risk circumvention of the law." *Id*. Plaintiff avers only that he "believe[s] there are portions of these records that can be segregated and released to me," Pl's Opp. at 4 (response to Gowins paragraph 9), but portions were released to him. Plaintiff has failed to present a genuine issue of material fact concerning BOP's properly justified redaction of information under exemption 7(E).

BOP describes seven of the 33 pages withheld in their entirety as a "Telephone Account Detail Report" of a third party's phone activities. The information includes "another inmate's name, register number and the telephone numbers of other non-inmate third parties [who] reside in the community." Gowins Supp. Decl. ¶ 10. Invoking exemptions 7(C) and 7(F), Gowins avers that disclosure of the information "could cause an invasion of the personal privacy of private citizens as well as endanger the life or physical safety of individuals." *Id*. She further avers that after redaction of the third-party information, the remaining information "would be general heading titles and codes." *Id*. The withholding of records in their entirety is permitted if, as it appears here, the "the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Mays*, 234 F.3d at 1327. Plaintiff avers that he "believe[s] there are portions of this conversation pertaining to me

that could be segregated" and released to him.  Pl's Opp. at 4 (response to Gowins paragraph 10).  Gowins' description of the document, however, reveals otherwise.  BOP has properly justified withholding the telephone report of a third-party in its entirety under exemptions 7(C) and 7(F).

The remaining 26 pages of the 33 withheld pages are identified as plaintiff's presentence report.  *Id*. ¶ 11.  According to Gowins, the application of exemption 7(F) to the presentence report was error.  Gowins Supp. Decl. ¶ 11.  Rather, "a copy of the report is maintained in [plaintiff's] Central file" and is accessible to him pursuant to "procedures set forth by the institution for local review of records."  *Id*.  Plaintiff reviewed the document on August 24, 2005.  *Id*. ¶ 12.  Plaintiff asserts that "BOP has not met their burden that his PSI should be exempt," Pl's Opp. at 2, but BOP has corrected its position and is no longer invoking exemptions.  Rather, BOP now contends that summary judgment is appropriate because it has satisfied its obligation under the FOIA by making the presentence report available to plaintiff for his viewing.  Def.'s Memorandum of Points and Authorities in Support of BOP's Renewed Motion for Summary Judgment at 14.  Plaintiff has not refuted this position, which the District of Columbia Circuit has approved.  Upon receipt of a FOIA request, an agency is required to make responsive records "promptly available to any person."  5 U.S.C. §  552(a)(3)(A).  The agency's placement of responsive records "in one central location for [the requester's]  perusal" is "adequate under the FOIA."  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 70 (D.C. Cir. 1990) (citations omitted).

In the absence of a genuine issue of material fact on the claims underlying Count 44 of the complaint, the Court concludes that defendant is entitled to judgment as a matter of law on this count.

*B. The Search for Nancy Antonelli Records*

In regards to Count 46, defendant had not provided any evidence supporting BOP's search for records pertaining to Nancy Antonelli at FCI Greenville, MCC Chicago and the North Central Regional Office ("NCRO"). *See* Mem. Op. at 20-21. The Court is now satisfied from two of the three proffered declarations, Def's Ex. B, that adequate searches were performed at NCRO and FCI Greenville. *See* Declaration of Glenda Sackett ¶¶ 4-7 (NCRO search); Declaration of Kathy Hueter ¶¶ 4-6 (FCI Greenville search). The Court will defer ruling on this issue, however, pending the obtaining of additional information about the search for records at MCC Chicago.

Plaintiff avers that MCC "Counselor Michael Dabdee and Case Manager Kermit Moore have had in their possession certain records in connection to my plight with Nancy Antonelli . . . ." Pl's Opp. at 5 ( Pl's Affidavit). MCC's declarant states that based on information provided in the request, she spoke with four staff members; but she has not identified them. *See* Declaration of M.E. Doucette-Lunstrum ¶¶ 7-10. The Court hereby directs defendant to supplement the Doucette-Lunstrum declaration by identifying the staff members to whom inquiries were made and, if necessary, addressing whether inquiries were made to Michael Dabdee and Kermit Moore and the results of such inquiries. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (requiring agencies to "to follow through on obvious leads to discover requested documents") (citation omitted).

CONCLUSION

For the preceding reasons, BOP's renewed motion for summary judgment is granted with respect to Count 44 of the complaint. The Court will resolve the remaining issues after

defendant's supplementation of the record. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: November 1, 2006