UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,              :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :       Civil Action No. 04-1180 (CKK)
                                   :
Bureau of Alcohol, Tobacco,        :
Firearms & Explosives, *et al.*,   :
                                   :
        Defendants.                :

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on the Internal Revenue Service's ("IRS") renewed motion to dismiss or for summary judgment filed in response to the Memorandum Opinion ("Mem. Op.") of July 28, 2005.  *See* Order (Jul. 28, 2005) (denying IRS's motion with respect to request for first-party records).  Pursuant to the Court's ruling, the IRS processed plaintiff's request dated November 7, 2001, seeking records about himself from "January 1, 1990 to date" and criminal investigation records and tax records concerning him from "January 1, 1986, . . . specifically . . . regarding the year 1986 . . . ."  Def.'s Ex. 2, Declaration of Suzette Darby-Peel ¶ 4.  Following a search, the IRS located and released to plaintiff by letter dated August 25, 2005 unredacted copies of his tax return information for years 1999 and 2000.  *Id*. ¶ 5; Def.'s Ex. 1, Declaration of Shannon N. Drain ¶ 5.

Plaintiff complains about the IRS' four-year delay in processing the request and baldly asserts that the search was "insufficient and superficial." Pl.'s Response to Statement of Material Facts Not in Genuine Dispute Regarding IRS Renewed Motion [Dkt. No. 126] at 1.  The Court's jurisdiction under the FOIA is limited to "to enjoin[ing] [a federal] agency from withholding

agency records or to order[ing] the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  The release of all responsive records in their entirety, no matter the passage of time, renders the FOIA claim moot.  *See Trueblood v. U.S. Dept. of Treasury, I.R.S.,* 943 F. Supp. 64, 67 (D.D.C. 1996) ("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released.") (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

  Regarding plaintiff's complaint about the search, an inadequate search for records constitutes an improper withholding under the FOIA.  *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003) (citations omitted).  The agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested."  *International Trade Overseas, Inc.*, 688 F. Supp. 33, 36 (D.D.C. 1998) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted).  When an agency's search for records is challenged, "the agency must show beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . .  submitted in good faith."  *Id*. (citations and quotation marks omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ."  *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); accord *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *International Trade Overseas, Inc. v. Agency for International Development*, 688 F. Supp. 33, 36 (D.D.C. 1988) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476,1485 (D.C. Cir. 1984)).  "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the agency's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir.1985)).  Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

The Court is satisfied from the declaration describing the filing systems and the manner of the search, *see* Darby-Peel Decl. ¶¶ 5-6, that the IRS performed a search reasonably calculated to locate responsive records.  Plaintiff's conclusory statements about the inadequacy of the search fail to provide any suggestion of bad faith and nothing in the record raises substantial doubt about the adequacy of the search.  The Court therefore will grant the IRS' renewed motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.

                                               _____s/_____
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge

November 1, 2006