UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,            :
                                 :
        Plaintiff,               :
    v.                           :     Civil Action No. 04-1180 (CKK)
                                 :
Bureau of Alcohol, Tobacco,      :
Firearms & Explosives, *et al.*, :
                                 :
        Defendants.              :

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on the United States Parole Commission's ("the Commission") supplemental motion for summary judgment filed in response to the Memorandum Opinion ("Mem. Op.") of March 17, 2006. *See* Order (Mar. 17, 2006) (denying defendants' motion in part); Mem. Op. at 14-15 (questioning the adequacy of the Commission's search and its withholding of certain documents). In support of the motion, the Commission incorporates its previous submissions, including the Declaration of Sharon Gervasoni [Dkt. No. 50, Ex. D], and proffers the Second Declaration of Sharon Gervasoni ("Gervasoni Supp. Decl."). Upon consideration of these submissions, the Commission's *in camera* submission and plaintiff's opposition, the Court will grant in part and deny in part the Commission's supplemental motion for summary judgment.[1]

The Commission had withheld two documents in their entirety under FOIA exemptions 7(D) and 7(E). *See* Mem. Op at 15. It has "rescind[ed] its application of [the] exemptions" and

---

[1] On November 8, 2006, plaintiff filed a "Motion for Judgement on Parole Commission" requesting a ruling on the Commission's pending motion. The Court will deny this motion as moot.

has determined that the documents should be "released to the plaintiff contemporaneously with the filing of this supplemental declaration (dated April 19, 2006)." Gervasoni Supp. Decl. ¶ 2(a). In his response dated May 5, 2006, plaintiff claims to have not received the documents and they are not a part of the supplemental record. The Court therefore will direct the Commission to provide proof of service of the documents upon plaintiff.

With respect to the search, Gervasoni avers that Commission staff searched the parole files of plaintiff and James Valona "for references to Nancy Antonelli." Gervasoni Supp. Decl. ¶ 3; *see* Gervasoni Decl. ¶ 5 (describing filing system). Staff also searched the filing system containing parole hearing tapes for tapes of Valona's parole hearings. It retrieved from Valona's parole file "the order associated with the particular hearing, obtain[ed] the correct tape number, [and] then search[ed] the tape files for the tape with the corresponding number." Gervasoni Supp. Decl. ¶¶ 4-5. A search for the tapes of three parole hearings (held on April 14, 1998, November 6, 1998, and July 8, 1992) yielded no records. *Id*. ¶ 7. The Commission informed plaintiff that although it could not locate the tapes of the 1998 hearings, they were previously disclosed to Valona and that the 1992 hearing tape had been destroyed apparently pursuant to the records retention schedule. *Id* at ¶¶ 7-8. "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)); *see* Mem. Op. at 13 (discussing search standards). The Court is now satisfied from Gervasoni's description of the filing systems and the searches performed that the Commission conducted a search reasonably calculated to locate all responsive records.

The Commission is withholding a fourth tape of a parole hearing held on June 21, 2001, pending the "determination about the disclosability of [] documents" referred to the Executive Office for United States Attorneys.  Gervasoni Supp. Decl ¶ 9.  The Court discerns no connection between the referred documents, described as "108 pages of facsimiles, memoranda and other documents," *id.*, and the recorded tape that originated with the Commission.  The FOIA requires an agency to "make [responsive] records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  The Commission's withholding of the tape of Valona's parole hearing on June 21, 2001 as "conditional on a future event," Gervasoni Supp. Decl. ¶ 9, constitutes an improper withholding in violation of the FOIA.  Its motion for summary judgment on this withholding therefore is denied.  Because the Commission has not invoked any FOIA exemptions as the basis for withholding the tape, the Court will direct its immediate release to plaintiff.

For the preceding reasons, the Court grants the Commission's supplemental motion for summary judgment on the issues surrounding the search for records and the recently released documents.  It denies the motion with respect to the withholding of the tape of Valona's parole hearing on June 21, 2001.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: December 5, 2006

Paper Copy to:

Michael C. Antonelli
R04053-164
Big Sandy United States Penitentiary
P.O. Box 2068
Inex, KY 41224