UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,          :
                                :

         Plaintiff,        :
    v.                    :          Civil Action No. 04-1180 (CKK)
                                :

Bureau of Alcohol, Tobacco,    :
Firearms & Explosives, *et al.*,    :
                                :

        Defendants.    :

MEMORANDUM OPINION

This Freedom of Information Act ("FOIA") case is before the Court on the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATFE") renewed motion for summary judgment filed in response to the Memorandum Opinion ("Mem. Op.") of August 16, 2005. *See* Order (Aug. 16, 2005) (denying motion on Count 9 of the complaint). Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant ATFE's renewed motion and will now dismiss Counts 1-13 of the complaint. *See* Mem. Op. at 7 (identifying counts based on the processing of ATFE records).[1]

ATFE has released the first 100 pages of records responsive to plaintiff's request for information pertaining to Edward Omar Spearman. *See* Mem. Op. at 11; Def's Third Statement of Material Facts Not in Genuine Dispute ¶ 6. In the release letter dated May 19, 2005, ATFE informed plaintiff that he could receive the remaining 7,328 pages upon his payment of 10 cents per page for a total of $732.80. *Id*. Plaintiff has not paid the assessed fee. *Id*. ¶ 7; Pl's Response to Third Material Fact Statement of ATF [Dkt. No. 129] ¶ 7. From the released pages, ATFE

---

[1]   The 68-Count complaint names as defendants 16 federal agencies or agency components. Four defendants-- the Bureau of Prisons, Federal Bureau of Investigation, United States Parole Commission and the Marshals Service-- will remain.

withheld information under FOIA exemptions 3, 6, 7(C) and 7(F). Def's Attach., Declaration of

Averill P. Graham ("Graham Decl.") ¶ 2.

Summary judgment is appropriate when there is "no genuine issue as to any material fact

and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

Court may award summary judgment in a FOIA case solely on the information provided in

affidavits or declarations when the affidavits or declarations describe "the justifications for

nondisclosure with reasonably specific detail, demonstrate that the information withheld logically

falls within the claimed exemption, and are not controverted by either contrary evidence in the

record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738

(D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*,

415 U.S. 977 (1974).

Plaintiff agrees that he has not paid the fee to receive the remaining pages of material but

asserts that he is entitled to a fee waiver. The payment or waiver of assessed fees or an

administrative appeal from the denial of a fee waiver request is a jurisdictional prerequisite to

filing a lawsuit in the district court. *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65 (D.C. Cir.

1990); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 69 (D.D.C. 1996) (citing

*Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995));

*accord Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp.2d 29, 33 (D.D.C. 2002). Plaintiff has

satisfied neither requirement. Nor has plaintiff asserted any statutory basis for the agency to

consider a fee waiver. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (providing for fee waivers or reduced fees

"if disclosure . . . is in the public interest . . . and is not primarily in the commercial interest of

the requester."). The Court therefore will grant ATFE's motion for summary judgment on the

withholding of the remaining 7,328 pages of material based on plaintiff's failure to exhaust

administrative remedies.

Regarding the 100 released pages, plaintiff generally contests ATFE's withholding of information by redaction and its withholding of seven pages of material in their entirety under exemption 3.[2]  The Court is satisfied from the Graham declaration (paragraphs 10-26) and accompanying *Vaughn* index that ATFE properly redacted information pertaining to third parties other than Spearman under exemptions 6, 7(C) and 7(F) for the reasons Graham has asserted. Summary judgment will be granted on these withholdings.

When, as here, documents are withheld in their entirety, the Court is required to make a so-called segregability finding.  *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999).  Exemption 3 protects from disclosure records that are "specifically exempted . . . by statute . . .  provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of  Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).   ATFE withheld seven pages of "firearms Trace Reports . . . [that] Congress has expressly prohibited ATF from releasing . . . to the public and [has] made them ultimately immune from legal process."  Graham Decl. ¶ 8.  The Consolidated Appropriations Act of 2005 states in relevant part that

> no funds appropriated under this or any other Act with respect to any fiscal year
> may be used to disclose part or all of the contents of the Firearms Trace System
> database maintained by the National Trace Center of the Bureau of Alcohol,
> Tobacco, Firearms, and Explosives or any information required to be kept by
> licensees pursuant to section 923(g) of title 18, United States Code, or required to
> be reported pursuant to paragraphs (3) and (7) of such section 923(g), to anyone

---

[2]    Plaintiff also generally contests the adequacy of the search.  The Court is satisfied from the description of the search, Graham Decl. ¶¶ 27-30, and the volume of records located that ATFE conducted a search reasonably calculated to locate all responsive records.

other than a Federal, State, or local law enforcement agency or a prosecutor solely in connection with and for use in a bona fide criminal investigation or prosecution and then only such information as pertains to the geographic jurisdiction of the law enforcement agency requesting the disclosure and not for use in any civil action or proceeding other than an action or proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or a review of such an action or proceeding. . . . and all such data shall be immune from legal process . . . .

Pub. L. No. 108-447, 18 Stat 2809, 2859 (Dec. 8, 2004). ATFE properly withheld the seven

pages of material under exemption 3. *See Watkins v. Bureau of Alcohol, Tobacco and Firearms*,

2005 WL 2334277 (D.D.C. Sept. 1, 2005) (Kessler, J) (approving the withholding of firearms

trace data after considering the Act's legislative history).

For the preceding reasons, ATFE's renewed motion for summary judgment is granted. A

separate Order accompanies this Memorandum Opinion.


_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: December 18, 2006