UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael C. Antonelli, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1180 (CKK) |
| | : | |
| Bureau of Alcohol, Tobacco, | : | |
| Firearms & Explosives, *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>MEMORANDUM OPINION</u>

This Freedom of Information Act ("FOIA") case is before the Court on the United States Marshals Service's ("USMS") supplemental motion for partial summary judgment filed in response to the Memorandum Opinion ("Mem. Op.") of January 18, 2006.  *See* Order (Jan. 18, 2006) (denying defendants' motion in part).  The Court had questioned whether 12 responsive records located in the USMS' Office of General Counsel and the Judicial Security Division were law enforcement records for purposes of satisfying the threshold requirement for withholding information under FOIA exemption 7(C).  *See* Mem. Op. at 8.  In addition, the Court questioned the adequacy of the USMS' search for records pertaining to Edward Omar Spearman, who had provided a waiver for release of information.  *See id*. at 3, 10.  Upon consideration of the parties' submissions relevant to these outstanding issues, the Court will grant the USMS' supplemental motion and will now dismiss the counts of the complaint against this Department of Justice component.

The USMS' supplemental description of its filing systems satisfies the threshold law enforcement requirement as to the 12-page supplemental release.  *See* Def.'s Ex. 2, Second Supplemental Declaration of William E. Bordley ¶¶ 2-5, 12.  Because of strong privacy concerns,

third-party identifying information contained in law enforcement records is categorically protected from disclosure under exemption 7(C) in the absence of a showing, not made here, of an overriding public interest. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). The USMS properly redacted third-party identifying information pursuant to exemption 7(C). *See* 2nd Suppl. Bordley Decl. ¶¶ 10-12.

As for the search, Mr. Bordley has adequately addressed the deficiencies previously identified. *See* Mem. Op. at 10. He now avers that USMS staff searched by "Spearman's name, date of birth, social security number, and prisoner identification number." 2nd Suppl. Bordley Decl. ¶ 2; *id*. ¶ 6. In addition, Mr. Bordley has adequately described the search that was conducted in the office located in the Western District of Michigan, which yielded no records because there was no indication that Mr. Spearman had any contact there. *Id*. ¶¶ 2-3.

The USMS withheld five pages in their entirety from the supplemental release. 2nd Suppl. Bordley Decl. ¶ 10. The Court therefore must determine whether any portion of those pages could have been segregated and released. *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). The five pages "consist solely of a list of names, identifying data, locations and comments on third-party individuals, primarily prisoners . . . classified as persons to be kept separate from plaintiff. . . ." Def.'s Ex. 1, Supplemental Declaration of William E. Bordley Decl. ¶ 18. Mr. Bordley avers that "all non-exempt information has been segregated and released to plaintiff." *Id*. ¶ 19. The pages were properly withheld in their entirety under exemption 7(C).

For the preceding reasons, the Marshals Service's supplemental motion for summary judgment is granted. A separate Order accompanies this Memorandum Opinion.

                                                 _____s/_____
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge

Date: January 29, 2007