UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,         :
                                :
              Plaintiff,     :
      v.                  :       Civil Action No. 04-1180 (CKK)
                                :
Bureau of Alcohol, Tobacco,    :
Firearms & Explosives, *et al.*,  :
                                :
           Defendants.    :

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on the Bureau of Prisons'

("BOP") supplemental motion [Dkt. No. 166] filed in response to the Memorandum Opinion

("Mem. Op.") of November 1, 2006 [Dkt. No. 162].  *See* accompanying Order (deferring ruling

with respect to Counts 42 and 46 of the complaint).  The Court is now satisfied from the

Supplemental Declaration of Ruthlee Gowins at  ¶ 3 that defendant properly withheld a one-page

memorandum in its entirety under exemption 7(C).  Further, the Court is now satisfied from the

supplemental declaration of M.E. Doucette-Lunstrum as supported by the declarations of

Michael Dabdee and Kermit Moore that defendant conducted an adequate search for records at

MCC Chicago.  *See* Mem. Op. at 5.  BOP's Second Renewed Motion for Summary Judgment

will be granted in its entirety.

Also before the Court is the BOP's supplemental memorandum explaining the FBI's

redactions from records it had referred to the BOP for further processing and release.  Def.'s

Supplemental Memorandum of Points and Authorities in Support of BOP's Renewed Motion for

Summary Judgment [Dkt. No. 113] at 1.  Plaintiff challenges "the 12 pages of material of the

BOP that has FBI information within it, or vice-versa." Pl.'s Response to BOP Supplemental

Motion [Dkt. No. 175] at 1.[1]  Specifically, he challenges the declarant's conclusion that all

reasonably segregable information was released to him.  Third Declaration of David M. Hardy

("Hardy Decl.") [Dkt. No. 113, Attach.] ¶ 42.  Hardy avers that "each of the [12] documents was

individually reviewed for segregability," and describes the redacted material as "information that

would infringe upon the personal privacy of third-party individuals, endanger the safety of third

parties, [and] disclose the identities of confidential sources and other persons who provided

information to the FBI."  *Id*.  Plaintiff has not contested BOP's application of FOIA exemptions

6, 7(C) and 7(D) to the redacted material, which the Court finds properly justified.  *See id*. ¶¶ 6,

9-36 and attached *Vaughn* Index.

For the reasons stated above and in the previous rulings pertaining to BOP records, the

Court will grant BOP's supplemental motions for summary judgment and will now dismiss the

counts of the complaint against this defendant.[2]  A separate Order accompanies this

Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: February 16, 2007

_____

[1]  Plaintiff also challenges the adequacy of BOP's search based not on the previous
search but rather on the request for an additional search that he made to the FBI during the course
of this litigation.  *See id*. at 1 and attached letter dated November 5, 2006.  This challenge is
inapplicable to the resolution of the claims against BOP and, in any event, is beyond the scope of
this litigation.  *See Bonner v. United States Department of State,* 928 F.2d 1148, 1152 (D.C. Cir.
1991) (Ordinarily in a FOIA action, "court review properly focuses on the time the determination
to withhold is made [so as to avoid] an endless cycle of judicially mandated reprocessing.")
(citations omitted).

[2]  The 68-Count complaint names as defendants 16 federal agencies or agency
components.  Only the Federal Bureau of Investigation remains.