UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael C. Antonelli, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 04-1180 (CKK) |
| : | |
| Bureau of Alcohol, Tobacco, : | |
| Firearms & Explosives, *et al.*, : | |
| : | |
| Defendants. : | |

MEMORANDUM OPINION

This Freedom of Information Act case is before the Court on the Federal Bureau of Investigation's renewed motion for summary judgment [Dkt. No. 153] filed in response to the Memorandum Opinion ("Mem. Op.") of February 16, 2006 [Dkt. No. 135].[1] The motion and supporting declaration address the FBI's application of FOIA exemptions 5 and 7(D) to withheld material and clarifies the FBI's treatment of DEA-referred records and records released to plaintiff by letter of April 7, 2005. *See* Order (Feb. 16, 2006) [Dkt. No. 134]; Fourth Declaration of David M. Hardy ("4th Hardy Decl.") ¶ 5.

FOIA Exemptions 5 and 7(D)

The Court is now satisfied from the current declaration that the FBI properly withheld a one-page draft affidavit under exemption 5 as deliberative process material. *See* 4th Hardy Decl. ¶¶ 9-10. In addition, the FBI has now properly justified withholding confidential source information under exemption 7(D), *see* Mem. Op. at 9-11, by showing that it was supplied on the

---

[1] The 68-Count complaint names as defendants 16 federal agencies or agency components. This motion addresses the outstanding claims against the only remaining defendant, the FBI.

condition of either express assurances of confidentiality, 4th Hardy Decl. ¶ 13, or implied assurances of confidentiality. *Id*. ¶ 14 (describing the information imparted as pertaining to the investigation of drug trafficking and money laundering by a known cocaine trafficker and an individual with ties to organized crime, and the investigation of plaintiff for arson). Given the nature of the crimes investigated and the characterization of the targets, the FBI has demonstrated that "the . . . risk of retaliation . . . warrant[s] an implied grant of confidentiality." *Mays v. Drug Enforcement Administration*, 234 F.3d 1324, 1329 (D.C. Cir. 2000).

### The April 2005 Release

By letter of April 7, 2005, the FBI released 178 pages of material in their entirety and 715 pages with redactions. 2nd Hardy Decl. [Dkt. No. 83] ¶ 104. It applied FOIA exemptions 2, 3, 6, 7(C) and 7(F) to the redacted material. 4th Hardy Decl. ¶ 6. Plaintiff generally contests the FBI's exemption claims, *see* Pl.'s Opp. [Dkt. Nos. 158, 159], but he has not cited to anything in particular and therefore has failed to create a genuine issue of material fact on what the Court now determines to be properly justified withholdings. *See* 2nd Hardy Decl. ¶¶ 105-55; FBI Exhibits 1378-2304 (redacted pages) [CD-Rom].

### DEA-Referred Records

The FBI has clarified that it followed DEA's recommendation, *see* Mem. Op. at 4, and has now shown that it properly withheld five pages containing DEA information under exemption 7(D). 4th Hardy Decl. ¶¶ 13, 14, 17.

For the reasons stated above and in the previous ruling pertaining to FBI records, the Court will grant the FBI's renewed motion for summary judgment and will now dismiss the case. A separate Order accompanies this Memorandum Opinion.

                                                                                                              s/
                                                           COLLEEN KOLLAR-KOTELLY

Date: February 26, 2007                           United States District Judge