UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,        :
                                :
           Plaintiff,       :
    v.                  :        Civil Action No. 04-1180 (CKK)
                                :
Bureau of Alcohol, Tobacco,  :
Firearms & Explosives, *et al.*,  :
                                :
          Defendants.     :

MEMORANDUM OPINION

In what remains of this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the responses of the Executive Office for United States Attorneys ("EOUSA") to his multiple requests for records about himself and third-party individuals.[1]  EOUSA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) or for summary judgment pursuant to Rule 56.[2]  Upon consideration of the parties' submissions and the relevant parts of the record, the Court will grant in part and deny in part defendant's summary judgment motion.[3]

_____

[1]  Judgment has been entered for defendants on all other claims.  *See* Final Order of February 26, 2007 [Dkt. No. 184]; Order of March 27, 2007 [Dkt. No. 187] (vacating the judgment and reopening the case for the limited purpose of addressing the claims against EOUSA).

[2]  Defendant's Rule 12(b)(1) motion for lack of subject-matter jurisdiction is premised on its claim that plaintiff failed to exhaust his administrative remedies.  *See* Def.'s Mem. of P. & A. at 2.  Because the District of Columbia Circuit has found the FOIA's exhaustion requirement to be a condition precedent to judicial review rather than a jurisdictional prerequisite, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003), the Court is satisfied that it has subject-matter jurisdiction.

[3]  Plaintiff has submitted several responses to the pending motion [Dkt. Nos. 199, 200, 201, 202], which the Court considers collectively as his opposition.

## I. BACKGROUND

Defendant has had the unenviable task of sorting through plaintiff's "Response to Motion for a More Definite Statement" [Dkt. No. 54], which is considered to be the Amended Complaint that the Court had directed plaintiff to file in granting defendant's motion for a more definite statement. Order of March 16, 2005 [Dkt. No. 49]. Plaintiff attaches "Exhibits 1 through No. 133," which he describes as "all correspondence to and from [EOUSA] that I either sent or received in any way connected to [the pending action]." Pl's Res. at 1. Defendant rightly describes the filing as "135 pages of documents, generally disordered, that failed to narrow the scope of the claims at issue . . . ." Def.'s Mem. of P. & A. at 2. The Court has substantially relied on defendant's recitation of the facts which, for the most part, plaintiff has not disputed.

## I.

By letter of May 14, 1999, plaintiff requested records about himself and James Valona, who had signed a third-party authorization. In March 2002, EOUSA inquired of plaintiff's continued interest in receiving a response and advised him to respond in 30 days or the file (FOIA Nos. 99-1506 and 99-1511) would be closed. Having received no response, EOUSA closed the file on May 23, 2002. Def.'s Mot., Attachment 1 (Declaration of John Boseker) ("Boseker Decl.") ¶¶ 28, 30, 31, 33, 35, 36. By letter of October 30, 2002, plaintiff replied that he was still interested in a response to the request. *Id.* ¶¶ 3, 7. Plaintiff appealed to the Office of Information and Privacy ("OIP") by letter dated July 15, 2003. *Id.* ¶ 38. By letter of September 2, 2003, OIP informed plaintiff that it was remanding his file to EOUSA to conduct a search for records. *Id.* Plaintiff does not dispute that he has "attached no correspondence indicating a FOIA file . . . to assist EOUSA in locating [the remanded] file." *Id.* ¶ 38, n.5.

II.

By letter of November 5, 2001, plaintiff requested records about himself maintained by multiple United States Attorneys Offices ("USAO"). *Id* ¶ 39.  EOUSA created separate FOIA files to reflect its search of offices in the Northern District of Illinois (No. 02-244), Southern District of Illinois (Nos. 02-290, 02-1296), Northern District of Indiana (No. 02-291), Eastern District of Wisconsin (No. 02-292), Western District of Wisconsin (No. 02-293), District of Nevada (No. 02-294), Eastern District of Oklahoma (No. 02-295), and the Western District of Oklahoma (No. 02-3777).

Northern District of Illinois (No. 02-244)

By letter of June 3, 2002, EOUSA informed plaintiff about 111 cases located in the Northern District of Illinois, the processing of which would be costly.  It provided the list of case files to plaintiff to assist him with narrowing the scope of the request to reduce costs, gave plaintiff 20 days to reply and advised him about his appeal rights. Boseker Decl. ¶ 41.  Because plaintiff had not replied to the June 2002 letter, EOUSA sent another letter on August 13, 2003, advising him again about the volume and potential costs and giving him 20 days to respond. *Id*. ¶ 42.  Plaintiff responded by letter of August 27, 2003, informing EOUSA that he wanted all records from the 111 files and acknowledged his obligation to make an advance fee payment. *Id*. ¶ 43.  By letter of November 5, 2003, EOUSA assessed an advance fee of $362 based on a search consisting of 50 boxes each containing 2000-4000 pages. *Id*. ¶ 44.  EOUSA reiterated its previous advice about reducing costs, gave plaintiff 20 days to pay the assessed fee and informed him of his appeal rights. *Id*.  Plaintiff appealed the fee assessment to the OIP by letter of November 26, 2003. *Id*. ¶ 46.  OIP affirmed the fee assessment by letter of February 27, 2004. Meanwhile, by letter of January 22, 2004, EOUSA, having received no timely reply to its

November 5th fee assessment letter, informed plaintiff that it was closing its file for his failure to pay fees. *Id*. ¶ 45.

     <u>Southern District of Illinois</u> (Nos. 02-290, 02-1296)

     By letter of March 21, 2002, EOUSA released 178 pages of records located in the Southern District of Illinois.  It withheld 20 pages of records in their entirety under FOIA exemptions 5 and 7(C) and Privacy Act exemption (j)(2).  EOUSA further informed plaintiff about approximately 1,350 pages of public records that he could obtain upon request and subject to copying fees, and his appeal rights.  *Id*. ¶ 50.  Plaintiff appealed to OIP the withholding of 20 pages, which OIP affirmed by letter of February 6, 2003.  *Id*. ¶ 52.  Plaintiff requested the 1,350 pages of public records by letter of April 6, 2002.  By letter of July 29, 2002, EOUSA sent plaintiff 310 pages of public records.  *Id*. ¶¶ 54-55.  Plaintiff appealed the page number discrepancy, but OIP affirmed the release attributing the original number to a counting error.  *Id*. ¶ 56.

     <u>Northern District of Indiana</u> (No. 02-291)

     By letter of March 25, 2002, EOUSA informed plaintiff that no responsive records were located in the Northern District of Indiana.  The OIP affirmed the decision by letter of August 21, 2003.  *Id*. ¶¶ 58, 60.

     <u>Eastern District of Wisconsin </u>(02-292)

     By letter of October 20, 2002, plaintiff expressed his continued interest in records maintained by the Eastern District of Wisconsin and committed to paying the processing fees. *Id*., Ex. 41.  Plaintiff reiterated his interest in a response dated July 15, 2003, to EOUSA's letter to him dated July 3, 2003.  ¶¶ 63-64.  EOUSA administratively closed this file for plaintiff's failure to pay outstanding fees.  *Id*. ¶ 65.

<u>Western District of Wisconsin</u> (No. 02-293)

By letter of July 31, 2002, EOUSA released in full 132 pages of responsive records located in the Western District of Wisconsin.  It referred 98 pages to other entities.  *Id.* ¶ 67.  By letter of February 21, 2003, OIP affirmed the release and the referrals.  *Id.* ¶ 69.

<u>District of Nevada and Eastern and Western Districts of Oklahoma</u> (Nos. 02-294, 02-295, 02-3777)

By letter of March 24, 2003, EOUSA informed plaintiff that no responsive records were located in the District of Nevada.  The OIP affirmed the decision by letter of May 6, 2003.  *Id.* ¶¶ 37, 39.  Plaintiff received the same "no records" responses and results on appeal with regard to the Eastern and Western Districts of Oklahoma.  *See id.* ¶¶ 77, 81-83.

III.

<u>Eastern and Southern Districts of Texas</u> (Nos. 03-2204, 03-2205)

By letter of April 30, 2003, plaintiff requested records pertaining to the prosecution of Michael Derrow.  *Id.* ¶ 9.  Plaintiff subsequently specified the Eastern and Southern Districts of Texas as the offices to be searched and committed to paying reasonable fees.  *Id.* ¶ 87.  By letter of February 27, 2004, EOUSA, having located 280 pages in the Eastern District, released the first 100 pages of responsive records in full and informed plaintiff that it would release 15 redacted pages upon his payment of the assessed fee in 30 days.  EOUSA withheld three pages in full.  It advised plaintiff that it was withholding information under FOIA exemptions 2, 5 and 7(C) and Privacy Act exemption (j)(2).  *Id.* ¶ 11.  By letter of March 8, 2004, plaintiff appealed EOUSA's withholding of information but not the assessed fee.  *Id.* ¶ 12.

By letter of June 23, 2003, EOUSA notified plaintiff that it had located no records pertaining to Derrow in the Southern District of Texas and advised plaintiff of his appeal rights. *Id.* ¶ 89.

By letter of November 17, 2004, OIP informed plaintiff that it was closing his appeal file in light of the filing of this civil action. *Id*. ¶ 14.

<u>Northern District of New York</u> (No. 03-2373)

By letter of March 22, 2002, plaintiff requested records pertaining to his criminal prosecution in the Northern District of New York. *Id*. ¶ 16.  By letter of November 19, 2003, EOUSA informed plaintiff that it would release 148 pages and one redacted page upon plaintiff's payment of the assessed fee.  It further informed plaintiff that it was withholding 283 pages, including 170 pages of grand jury records, and was referring 189 pages to the DEA, 53 pages to the FBI, and six pages to the U.S. Marshals Service for review and processing. *Id*. ¶ 18.  EOUSA informed plaintiff of his appeal rights, *id.*, but it has no record of receiving an appeal from plaintiff or payment of the assessed fee. *Id.* ¶ 19.  Plaintiff denies that this is his request. Declaration of Michael C. Antonelli in Opposition to the Declaration of John F. Boseker ("Pl.'s Decl.") [Dkt. No. 200] at 2, ¶ 16.  But he also admits to having "later paid that fee also." *Id*. ¶ 25.

<u>Eastern District of Michigan</u> (No. 03-2747)

By letter dated April 14, 2003, plaintiff requested records pertaining to the criminal prosecution of Edward O. Spearman, who had consented to the release of his records. *Id.* ¶ 20. By letter of September 11, 2003, EOUSA informed plaintiff that after two hours of free search time, it estimated that an additional 2-3 hours was needed to complete the search, at $28 an hours, and that it had located approximately 7000-8000 pages.  It provided a form for plaintiff to narrow his request to reduce fees and advised plaintiff that he had 20 days to agree to pay the assessed fees or his request would be closed.  EOUSA also informed plaintiff of his appeal rights. *Id.* ¶ 22.  By letter of October 17, 2003, plaintiff agreed to pay the search and duplication

fees. *Id.* 23. But after "internal research" in February 2004 revealed that plaintiff already owed EOUSA for an unpaid fee assessed in November 2003, EOUSA closed this request. *Id.* ¶ 25.

Because of plaintiff's outstanding debt for two previous requests, EOUSA refused to process plaintiff's request in August 2004 for records in the Northern District of Illinois pertaining to a 1995 case, *Antonelli v. Foster*. *Id.* ¶ 110-11.

IV.

As the originator of records that plaintiff had requested from other entities, EOUSA made the following determinations about referred records.

By letter of May 30, 2002, EOUSA released two pages that were referred from the U.S. Parole Commission. It redacted information under FOIA exemption 7(C). Boseker Decl. ¶ 113. OIP affirmed the decision by letter of March 25, 2003. *Id.* ¶ 116. By letter of February 28, 2005, EOUSA, on another referral from the Parole Commission, released 81 pages, 50 of which were redacted. It withheld 10 pages and referred 31 pages to other agencies. EOUSA withheld information under exemption 7(C). *Id.* ¶ 119. Plaintiff appealed the decision by letter of March 8, 2005. *Id.* ¶ 120.

By letter of October 31, 2003, EOUSA released 23 pages and withheld four pages referred from DOJ's Criminal Division. *Id.* ¶ 123. It withheld information under FOIA exemptions 5 and 7(C). *Id.* ¶ 123. OIP affirmed the decision by letter of August 10, 2004. *Id.* ¶ 125. On another referral from the Criminal Division, EOUSA released two pages and withheld three pages under FOIA exemption 3. *Id.* ¶ 128. OIP affirmed the decision and added exemption 5 as an additional basis for withholding information. *Id.* ¶ 130.

II.  LEGAL STANDARD

Summary judgment is appropriate upon a showing that there is "no genuine issue as to any material fact and [] that the movant party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  *Anderson*, 477 U.S. at 248.

The FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C. § 552(b).  The agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Thus, the elements of a FOIA claim are (1) improperly  (2) withheld (3) agency records.  "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5 U.S.C.] § 552 [(a)(4)(B)], if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980).

In a FOIA case, the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  In opposing a summary judgment motion, plaintiff may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."

*Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990), but rather must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

### III.  DISCUSSION

Defendant asserts that judgment is warranted because plaintiff failed to exhaust his administrative remedies and, in any event, that it properly applied FOIA exemptions to any withheld records.  Def.'s Mem. of P.& A. at 2.

1. Exhaustion of Administrative Remedies

Plaintiff challenges defendant's claim that he did not exhaust his administrative remedies by paying multiple assessed fees, but he has neither claimed nor provided evidence that he paid any such fees prior to the filing of this action in 2004 or, for that matter, prior to 2007.  *See* Pl.'s Decl., Attachments.  Because the payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a prerequisite to filing a FOIA lawsuit in the district court, *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 65-67 (D.C. Cir. 1990); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)); *see also accord Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp.2d 29, 33 (D.D.C. 2002), plaintiff's alleged payments tendered during the course of this litigation some three years later are immaterial to the issue at hand.  Rather, under DOJ regulations, plaintiff's failure to pay fees to which he had agreed "within 30 days of the [billing] date" provided an adequate basis for defendant to require payment "before [beginning] to process a new request or [continuing] to process a pending request from that requester." 28 C.F. R. § 16.11(i)(3).  The Court therefore concludes that defendants are entitled to judgment as a matter of law on the claims resulting from plaintiff's non-payment of fees.[4]

---

[4]  Because the Court finds no authority under the FOIA to interfere with the administrative processing of requests, it will deny plaintiff's pending motions [Dkt. Nos. 205,

2. <u>Defendant's Withholding of Responsive Records</u>

Plaintiff also challenges generally defendant's withholding of information from its release

of records that were referred from the Parole Commission and the Criminal Division. *See* Pl.'s

Decl. ¶¶ 117, 126, 131 ("disagree[ing]" generally because of his unsubstantiated claim that

EOUSA has acted in bad faith).

*Parole Commission's Referral*

In its release on May 30, 2002, EOUSA produced two redacted pages referred from the

Parole Commission.  Boseker Decl. ¶ 114.  It redacted the identifying information of third-party

individuals under FOIA exemption 7(C).  *Id*.  Exemption 7(C) protects from disclosure  records

compiled for law enforcement purposes to the extent that their disclosure "could reasonably be

expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Boseker describes the pages as a "memo from [assistant U.S. attorney] to U.S. Probation July 9,

1998."  Boseker Decl. ¶ 117.  But he has not established the threshold requirement that the

records were compiled for law enforcement purposes.  Defendant therefore is not entitled to

judgment on this claim.[5]

In its release on February 28, 2005, EOUSA produced 31 unredacted pages and 50

redacted pages concerning James Valona.  Boseker Decl. ¶ 119.  EOUSA withheld 10 pages of

information and referred 31 pages to the agencies from which they originated.  *Id*.  EOUSA

---

208] for orders to compel EOUSA to refund money he allegedly paid toward the assessed fees
supposedly because EOUSA has not processed his requests.

[5]  Boseker refrains from providing a detailed description "and full argumentation . . .
pending resolution of the jurisdictional issue pending before the Court," which the Court
surmises to be the fee issue.  Boseker Decl. ¶ 117.  While plaintiff's non-payment of fees may
preclude the Court from reviewing EOUSA's processing of the original requests made directly to
it, there is no indication in the record that EOUSA assessed plaintiff fees for its processing of the
referred records or that plaintiff agreed to pay such fees.  The Court therefore finds that the fee
issue does not foreclose review of EOUSA's treatment of the referred records.

withheld information under FOIA exemption 7(C), Boseker Decl. ¶ 117, but, again, it has not

sufficiently demonstrated that the records were compiled for law enforcement purposes, and it

has not explained the requisite harm in their disclosure.  Nor has EOUSA provided a basis for

finding that the information contained in the 10 withheld pages was not capable of being

segregated and any non-exempt information disclosed.

As to the foregoing releases of records referred from the Parole Commission, summary

judgment is denied without prejudice to reconsideration upon defendant's supplementation of the

record.

*Criminal Division's Referral*

In its release on October 31, 2003, EOUSA produced 23 unredacted pages of records

referred from the Criminal Division and withheld four pages in full under FOIA exemptions 5

and 7(C).[6]  Boseker avers that two, two-page documents were withheld under exemption 5 as

attorney work product.  Boseker Decl. ¶ 126.

Exemption 5 of the FOIA protects from disclosure "inter-agency or intra-agency

memorandums or letters which would not be available by law to a party . . . in litigation with

the agency." 5 U.S.C. § 552(b)(5).  This provision applies to materials that normally are

privileged in the civil discovery context, including those protected by the attorney work product

privilege, the attorney-client privilege, and the deliberative process privilege.  *See NLRB v. Sears,*

*Roebuck & Co.*, 421 U.S. 132, 149 (1975); *FTC v. Grolier, Inc.*, 462 U.S. 19, 26 (1983) ("The

test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed

upon a showing of relevance."); accord *Martin v. Dep't. of Justice*, 488 F.3d 446, 455 (D.C. Cir.

---

[6]   Although plaintiff also challenges EOUSA's proper invocation of subsection (j)(2) of
the Privacy Act, he does not present a genuine issue under the FOIA because the Privacy Act
does not bar disclosure of documents that are required to be disclosed under the FOIA.  5 U.S.C.
§ 552a(b)(2); *see Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

2007).  Boseker describes the documents as "inter-agency communications [from an assistant United States attorney to the Bureau of Prisons] made in anticipation of litigation, both of which discussed litigation strategy . . . and third party individuals in connection with the criminal prosecution."  Boseker Decl. ¶ 126.  Defendant properly withheld the four pages in their entirety under exemption 5.  *See Judicial Watch, Inc. v. DOJ*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required.").  The Court therefore need not address the propriety of EOUSA's withholding of the same information under exemption 7(C).

In its release on June 24, 2003, EOUSA produced two unredacted pages of records referred from the Criminal Division and withheld three pages in full under FOIA exemptions 3, 5 and 7(C).  Boseker Decl. ¶¶ 128, 130.  Exemption 3 protects from disclosure records that are "specifically exempted . . . by statute . . .  provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of  Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury."  Fed. R. Crim. P. Rule 6 (e) (2); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d  496, 498-501 (D.C. Cir. 1998).  The rule qualifies as a statute because it was affirmatively enacted by Congress.  *See Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981).

While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the District of Columbia Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or

direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). Boseker describes the withheld pages as "a form that pertains to securing a third party individual witness' testimony before a grand jury, and discusses the anticipated testimony to be elicited therefrom." *Id.* ¶ 131. EOUSA properly withheld the three pages in full under the grand jury exception of exemption 3 and as attorney work product under exemption 5.


## IV.  CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part EOUSA's motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.


_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: April 28, 2008