UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael C. Antonelli,          :
                               :
        Plaintiff,             :
    v.                         :        Civil Action No. 04-1180 (CKK)
                               :
Bureau of Alcohol, Tobacco,    :
Firearms & Explosives, *et al.*, :
                               :
        Defendants.            :

MEMORANDUM OPINION

In what remains of this action brought under the Freedom of Information Act ("FOIA"), defendant Executive Office for United States Attorneys ("EOUSA") was ordered to further support its invocation of FOIA exemption 7(C) to withhold information contained in records referred to it from the United States Parole Commission ("USPC") by demonstrating that the information was compiled for law enforcement purposes and to show that responsive records were properly withheld in their entirety.  *See* Mem. Op. (April 28, 2008) [Dkt. No. 213] at 10-11. Pending before the Court is EOUSA's Supplemental Motion for Summary Judgment [Dkt. No. 215] supported by the Supplemental Declaration of John F. Boseker ("Boseker Supp."). Upon consideration of the parties' supplemental submissions and the relevant parts of the record, including the USPC's earlier *in camera* submission, *see* Mem. Op. (Dec. 5, 2006) [Dkt. No. 168], the Court finds that EOUSA has fulfilled its obligations under the FOIA and is entitled to judgment as a matter of law.[1]

---

[1] *See* Final Order of February 26, 2007 [Dkt. No. 184] (entering judgment for defendants on all other claims); Order of March 27, 2007 [Dkt. No. 187] (vacating the judgment and reopening the case for the limited purpose of addressing the claims against EOUSA).

It is undisputed that "[a]ll information at issue in this case was compiled . . . to prosecute Mr. Antonelli for bank fraud . . . and Mr. [James] Valona and Mr. Antonelli for arsons and related parole matters. . . ." Boseker Supp. ¶ 3 (parenthesis omitted).  Having established the threshold law enforcement requirement, EOUSA redacted third-party names and identifying information from, among other documents, the two-page memorandum dated July 9, 1998 (*see* Mem. Op. at 10), on the basis that the release of such information "could result in unwanted and even unlawful efforts to gain [] access to such persons," as well as subject them "to harassment, harm, or [unwanted] exposure."  Boseker Supp. ¶ 4 & Attachment (*Vaughn* Index[2]).  For these same reasons, EOUSA withheld in its entirety a ten-page "[h]andwritten cover letter," Index at 3, because it is "entirely a third party record" that does not mention Antonelli or Valona who had authorized the release of his information to Antonelli.  Boseker Supp. ¶ 8.  For the reasons discussed next, the Court finds that EOUSA properly invoked exemption 7(C) to justify its redactions and its withholding of the ten-page document in its entirety.

Third-party information contained in law enforcement files is "categorically exempt" from disclosure under FOIA exemption 7(C), in the absence of an overriding public interest in its disclosure.  *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995).  In order to demonstrate an overriding public interest in disclosure, plaintiff must show that the withheld information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official."  *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); accord *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).  "Where the privacy concerns

---

[2] *See Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. Otherwise, the balancing requirement does not come into play. *See id*. at 175.

Plaintiff contests EOUSA's enumerated statements of facts it contends are not genuinely disputed. In sum, plaintiff asserts that the withheld information does not merit protection under the FOIA because (1) it concerns events that occurred over 20 years ago, (2) is in the public domain, and (3) "expos[es] the fact that [he] was wrongly convicted. . . ." Response to Supplemental Statement of Material Facts Not in Genuine Dispute in Support of Defendant EOUSA's Motion for Summary Judgment at 1.

None of the foregoing theories supports disclosure of the otherwise exempt information. Plaintiff's bald suggestion that the passage of time lessens the significant privacy interests at stake "has no merit " in the absence of an overriding public interest in disclosure, "whatever the status of the [covered] individual[s]." *Piper v. U.S. Dep't of Justice*, 428 F. Supp.2d 1, 3 (D.D.C. 2006) (*citing Favish*, 541 U.S. at 172). *Cf. Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 665 (D.C. Cir. 2003) (finding reasonable "the Government's use of 100 years as the basis" to presume that an individual is dead inasmuch as "[t]his baseline is intended to prevent disclosure of personal information unless it is *highly probable* that the individual in question is dead.") (emphasis in original). And, it is established that the public interest in disclosure "does not

include helping an individual obtain information for his personal use" to overturn a conviction. *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (citation omitted).

Regarding plaintiff's public domain theory, the government may not rely on a FOIA exemption to withhold information that has been "officially acknowledged" or is in the "public domain," *Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983), but the requester has the initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information identical to that being withheld." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quoting *Afshar*, 702 F.2d at 1130); *see also Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). Plaintiff has not substantiated his public domain theory by producing such evidence.

The Court must make a separate finding as to whether any portion of the ten-page document EOUSA withheld in its entirety could have been segregated and released. *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). Boseker states that "[t]he single document . . . was entirely a third party record, and review of this document did not reveal any mention of either Mr. Antonelli or Mr. Valona. . . . Therefore, EOUSA determined that disclosure of this document was inappropriate and not segregable." Boseker Supp. ¶ 8. The Court finds that EOUSA properly withheld the third-party record under exemption 7(C).

For the foregoing reasons, EOUSA's supplemental motion for summary judgment is granted. A separate final order accompanies this Memorandum Opinion.

_____s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

Date: July 22, 2008